**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 10-30114 & 10-30115 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00156-MJP-1<br>D.C. No. 2:09-cr-00269-MJP-1 |
| v. | |
| MUHAMMED ZBEIDA TILLISY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha Pechman, District Judge, Presiding

Submitted December 10, 2010**
Seattle, Washington

Before: BEEZER, O'SCANNLAIN, and PAEZ, Circuit Judges.

On November 17, 2009, Muhammed Zbeida Tillisy pleaded guilty to

Conspiracy to Commit Access Device Fraud, and to eight separate violations of a

supervised release that he was currently serving. The district court sentenced

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tillisy to 33 months' imprisonment on the new charge and 24 months' imprisonment on the supervised release violations, to run concurrently, followed by an additional 36 months' supervised release.

Tillisy appeals the district court's denial of his motion to withdraw his guilty plea on the ground that he did not receive effective assistance of counsel during plea negotiations, for dismissal of the indictment, and for specific performance of the original plea deal.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm the district court. The facts of this case are known to the parties. We do not repeat them.

## I

We review a district court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009). The district court's factual findings are reviewed for clear error. *Lambright v. Schriro*, 490 F.3d 1103, 1114 (9th Cir. 2007) (per curiam).

## II

To succeed on a claim of ineffective assistance of counsel, the defendant first must demonstrate that defense counsel's performance was objectively and unreasonably deficient. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Second, a defendant must show that the deficient performance was prejudicial in some way. *Id.* at 693-94. If there is a reasonable probability that the result of the proceeding would have been different, but for counsel's unprofessional errors, the deficiency is prejudicial. *Id.* at 694. A defendant is entitled to effective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Accordingly, a defendant may challenge a guilty plea based on deficient counsel if that advice was not "within the range of competence" required of criminal defense attorneys. *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970).

Tillisy alleges that as a result of ineffective assistance of counsel he did not accept the government's initial plea bargain offer and instead pleaded guilty to a less favorable plea bargain. In particular, Tillisy asserts that defense counsel should have advised him to accept the government's original offer when it was presented, and that defense counsel should have kept in closer contact with Tillisy. The district court rejected Tillisy's factual allegations and found that defense counsel provided competent and professional advice. We conclude that the district court's findings were not clearly erroneous.

First, Tillisy himself expressed reservations about the original offer and explicitly ordered his attorney to not accept that offer, but rather to seek alternatives. Second, defense counsel's recommendation against the original offer

was not unreasonable because the offer precluded Tillisy from arguing for a mitigation of his sentence based on his neurological condition, and left open the possibility that Tillisy would face additional state charges when released from federal custody. Third, defense counsel reasonably believed that she was carrying on negotiations with the prosecutor. That the prosecutor construed these negotiations as a rejection of the offer does not render defense counsel's performance deficient. *See Strickland*, 466 U.S. at 689 (noting that a court must "evaluate the conduct from *counsel's* perspective at the time" (emphasis added)).

Given the merits of the original offer, defense counsel's advice was not objectively and unreasonably deficient. *Strickland*, 466 U.S. at 687-88. But even assuming, *arguendo*, that defense counsel did provide defective counsel, Tillisy suffered no prejudice because he did not want to accept the original offer to begin with, and because changed circumstances, that were beyond defense counsel's control, prompted the prosecutor to charge additional conduct. Put differently, the result of the proceeding would not have been different. Tillisy's claim therefore fails both prongs of the *Strickland* test. Accordingly, we find that the district court did not abuse its discretion in denying Tillisy's motion to withdraw his guilty plea, for dismissal of the indictment, and for specific performance of the original plea deal.

AFFIRMED.